**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------

**GUY BRIZARD,**

                **Petitioner,**        11 Civ. 6033 (JGK)

      - against -               **MEMORANDUM OPINION AND**
                                                         **ORDER**
**UNITED STATES OF AMERICA,**

                **Respondent.**
--------------------------------------

**JOHN G. KOELTL, District Judge:**

    The petitioner, Guy Brizard, appearing pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On October 1, 2009, the petitioner pleaded guilty pursuant to a plea agreement to three counts of an indictment charging conspiracy, identity theft, and aggravated identity theft. On May 14, 2010, this Court sentenced the petitioner principally to an aggregate sentence of 70 months imprisonment, which was within the Stipulated Guideline Range in the Plea Agreement. Because the present petition is barred by the waiver of collateral review in the Plea Agreement and is without merit in any event, the petition is denied.

**I.**

    On November 21, 2008, a Grand Jury returned a superseding indictment charging the petitioner with the following crimes: first, conspiracy, in violation of 18 U.S.C. § 371, to commit

1

identity theft and wire fraud in violation of 18 U.S.C. §§ 1028(a)(7), 1028A, and 1343; second, identity theft in violation of 18 U.S.C. § 1028(a)(7); and, third, aggravated identity theft in violation of 18 U.S.C. § 1028A.

Prior to pleading guilty, the petitioner entered into a Plea Agreement with the Government.  The Plea Agreement stipulated to a base offense level of 21 or 23, depending on whether this Court found that the defendant had obstructed justice and should therefore be subject to a two-level enhancement under § 3C1.1 of the Sentencing Guidelines.[1]  (Plea Agr. at 4.)  Given the defendant's criminal history category of one, the parties stipulated that the Stipulated Guideline Range was either 61 to 70 months imprisonment or 70 to 81 months imprisonment depending on whether the Court found that the defendant had obstructed justice.  (Plea Agr. at 4.)  The Plea Agreement also provided that "the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guideline Ranges . . . ."  (Plea Agr. at 5.)

The Court accepted the petitioner's guilty plea on October 1, 2009.  During a thorough plea colloquy, the petitioner affirmed that he fully understood the elements and penalties of

---

[1] The 2009 Sentencing Guidelines Manual was the Manual in effect at the time of sentence.

2

each offense charged, as well as the constitutional and trial rights he would give up by entering a guilty plea. (Plea Tr. 6-21.) The petitioner affirmed that he fully understood the Plea Agreement before signing it, and that everything he understood about his plea and sentence was contained in the agreement. (Plea Tr. 24.) The petitioner further affirmed his full understanding of the provision in the Plea Agreement waiving his right to appeal or collaterally challenge a sentence within the Stipulated Guidelines Ranges. (Plea Tr. 25-26.) Indeed, the petitioner affirmed that he understood that if the Court sentenced him to a sentence of 81 months imprisonment or less, he had given up his right to appeal or otherwise challenge any such sentence in any proceeding, including any habeas corpus proceeding. (Plea Tr. 26.) The petitioner also affirmed that he was pleading guilty because he was in fact guilty and that he was pleading guilty voluntarily and of his own free will. (Plea Tr. 31.) He affirmed that no one had offered him any inducements or threatened him or forced him to plead guilty or to enter into the Plea Agreement. (Plea Tr. 24-25.) The petitioner also affirmed that he was satisfied with his attorney. (Plea Tr. 5.)

The Court held a sentencing hearing on May 14, 2010. After hearing arguments from both sides, the Court applied the obstruction of justice enhancement, resulting in a Sentencing

Guideline Range of 70-81 months imprisonment.  (Sent'g Tr. 15, 28.)[2]  The Court imposed a sentence consisting of 46 months each for Counts One and Two, to run concurrently, and a sentence of 24 months for Count Three, to run consecutively to Counts One and Two, resulting in an aggregate sentence of 70 months imprisonment.  (Sent'g Tr. 32.)  The sentence imposed was plainly within the Stipulated Guideline Range.  (See Plea Agr. at 4.)

The petitioner filed a timely appeal to the Court of Appeals for the Second Circuit arguing that the consecutive sentence imposed for Count Three violated the petitioner's protection from double jeopardy under the Fifth Amendment to the United States Constitution and that his trial counsel's failure to raise this issue at sentencing violated the petitioner's Sixth Amendment right to effective assistance of counsel.  On June 16, 2011, the Court of Appeals dismissed the appeal.  See United States v. Brizard, 424 F. App'x 66 (2d Cir. 2011) (summary order).  The Court of Appeals found that because none of the exceptions to enforcement of an appellate waiver in a plea agreement applied, and because the imposed sentence was

---

[2] While the Sentencing Transcript reflects a range of 70-87 months at page 28, the high end of the Range was 81 months as reflected at page 15 and confirmed by adding the 24 months mandatory consecutive term for Count Three to the 46-57 months range for Counts One and Two.

within the Stipulated Guideline Range, the appellate waiver provision was enforceable, and effectively barred the appeal. Id. at 67.

By petition dated August 19, 2011, the petitioner moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. The petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated because: 1) trial counsel provided misinformation that led the petitioner to enter an unknowing and involuntary guilty plea; 2) trial and appellate counsel failed to argue that an obstruction of justice enhancement was improper under the Sentencing Guidelines; 3) trial counsel failed to object to the Indictment being duplicative; 4) trial counsel failed to argue that the petitioner's pre-trial confinement should warrant a reduction in his sentence; and 5) trial counsel failed to disclose to the court fraud charges, unrelated to the current case, brought against one of the Government agents involved in the investigation. The petitioner contends that he is entitled to an evidentiary hearing on these issues.

## II.

The Court of Appeals for the Second Circuit has repeatedly held that waivers of the right to appeal contained in plea

agreements are valid and enforceable.  See, e.g., United States v. Lee, 523 F.3d 104, 106 (2d Cir. 2008); United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005); Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam).  The Court of Appeals has also held that knowing and voluntary waivers of the right to litigate pursuant to § 2255 are valid and enforceable.  See Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002) ("There is no general bar to a waiver of collateral attack rights in a plea agreement.") (citation omitted); Garcia-Santos, 273 F.3d at 509.

The circumstances under which the Court of Appeals has declined to enforce waivers of the right to appeal are very limited.  As the Court of Appeals noted in Gomez-Perez, the exceptions include situations:

> [W]hen the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence . . . .

215 F.3d at 319 (internal citations omitted) (collecting cases).

To the extent that a claim of ineffective assistance of counsel challenges the process by which the Plea Agreement was entered into, it can survive the waiver provision in a Plea Agreement.  Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008).  However, "[t]o raise a claim despite a guilty plea or

6

appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary, because the advice he received from counsel was not within acceptable standards." Id. (internal quotation marks and citations omitted). The Court of Appeals explained that, "[a]n ineffective assistance of counsel claim survives the guilty plea or the appeal waiver only where the claim concerns the advice [the defendant] received from counsel." Id. (internal quotation marks and citation omitted) (alteration in original); see also Garafola v. United States, No. 09 Civ. 10280, 2012 WL 6622684, at *6-7 (S.D.N.Y. Dec. 20, 2012).

**A.**

The petitioner argues that the acceptance of his guilty plea was involuntary and unknowing because it was predicated on misrepresentations made by trial counsel. Because this argument relates to the negotiation and entry of the plea, it is not procedurally barred by the waiver provision. See Parisi, 529 F.3d at 138. However, this argument is without merit.

Courts apply the framework established in Strickland v. Washington, 466 U.S. 668 (1984), to evaluate a § 2255 claim that argues that a guilty plea was involuntary or unknowing due to ineffective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 57-58 (1985) (applying Strickland to guilty pleas). To

7

establish a claim of ineffective assistance of counsel, the petitioner must show both that 1) his counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time, and 2) his counsel's deficient performance was prejudicial to his case. See Strickland, 466 U.S. at 687; Bunkley v. Meachum, 68 F.3d 1518, 1521 (2d Cir. 1995).

To meet the first prong of this test, the petitioner must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. There is a "strong presumption" that defense counsel's conduct fell within the broad spectrum of reasonable professional assistance, and a petitioner bears the burden of proving "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (citing Strickland, 466 U.S. at 688-89).

To meet the second prong of the Strickland test, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for the challenged ineffective assistance, he would not have pleaded guilty and would have insisted on going to trial. United States v. Couto, 311 F.3d 179, 187 (2d Cir. 2002), abrogated on other grounds by, Padilla v. Kentucky, 559 U.S. 256 (2010); see also Garcia-Giraldo v. United States, 691 F. Supp. 2d 500, 511 (S.D.N.Y. 2010).

The petitioner argues that he received ineffective assistance of counsel because his guilty plea was predicated on false representations made by trial counsel. Specifically, the petitioner alleges that trial counsel falsely represented that he could challenge both the obstruction of justice enhancement and the loss amount at sentencing. (Pet'r's Mem. at 11-12.) The petitioner asserts that he would not have accepted the waiver if he thought that it would later prevent him from challenging the loss amount and other relevant conduct. (Pet'r's Mem. at 11-12.)

The petitioner's argument fails to demonstrate that trial counsel's conduct was "objectively unreasonable" and thus does not satisfy the first prong of Strickland. See 466 U.S. at 687. The petitioner's argument with regard to the obstruction of justice enhancement is misplaced. The enhancement was not stipulated to in the Plea Agreement, and trial counsel

9

challenged the enhancement in the petitioner's sentencing submission and during the sentencing proceeding. (See Plea Agr. at 3; Sent'g Tr. 8-10; Answer, Ex. G. at 1-2.)

The petitioner's argument with regard to the loss amount is also unpersuasive. The petitioner's statements made during his plea allocution directly refute the contention that he believed the loss amount could be challenged at sentencing. A district court can rely on a defendant's sworn statements in open court because such statements carry a strong presumption of truth, which conclusory allegations cannot overcome. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); United States v. Hernandez, 242 F.3d 110, 112-13 (2d Cir. 2001) (per curiam). The Plea Agreement clearly stipulated a loss amount of between $400,000 and $1 million. (Plea Agr. at 3.) The petitioner affirmed that he read the Plea Agreement, discussed it with his lawyer, and fully understood it. (Plea Tr. 24.) When asked whether the Plea Agreement "constitute[s] your complete and total understanding of the entire agreement between the government, your lawyer and you[,]" the petitioner responded, "Yes, your Honor." (Plea Tr. 24.) Further, when asked whether "everything that you understand about your plea and your sentence [is] contained in this plea agreement," the petitioner responded, "Yes, your Honor." (Plea Tr. 24.) These sworn statements directly refute the petitioner's subsequent claim that he could

challenge the stipulated loss amount after the plea was entered. Because the petitioner asserted that he understood everything related to his plea and sentence to be contained within the written agreement, the petitioner's subsequent statement to the contrary is unpersuasive, and the petitioner has failed to satisfy the first prong of Strickland.  See 466 U.S. at 687.

The petitioner also fails to demonstrate prejudice sufficient to satisfy the second prong of Strickland.  See 466 U.S. at 687.  While the petitioner claims prejudice by arguing that he would not have entered into the appellate waiver had trial counsel not misrepresented the nature of the Plea Agreement, there is nothing beyond this conclusory statement to support this claim.  Because the petitioner has failed to establish an ineffective assistance of counsel claim regarding the negotiation and entry of his guilty plea, the waiver provision contained in the Plea Agreement effectively bars the petitioner's remaining claims.  See Parisi, 529 F.3d at 138.

**B.**

In any event, the petitioner's remaining claims are not only barred by the waiver provision of the Plea Agreement, but are also without merit.  The petitioner argues that both trial and appellate counsel provided ineffective assistance of counsel

11

by failing to argue that an obstruction of justice enhancement was improper under the Sentencing Guidelines.

The petitioner contends that because he pleaded guilty to a violation of 18 U.S.C. § 1028A, Application Note Two to U.S.S.G. § 2B1.6 ("Note Two") prohibits any enhancements to his sentence. This is simply not correct. U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2B1.6 cmt. n.6 (2009). Section 2B1.6 is the Guideline for "Aggravated Identity Theft" and applies the term of imprisonment required by the statute. U.S.S.G. § 2B1.6. Note Two only prohibits enhancements related to "any specific offense characteristic for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense" to which the § 1028A conviction applies. U.S.S.G. § 2B1.6, cmt. n.2. Consequently, if a defendant is convicted under both § 1028A as well as an underlying offense, an enhancement for the transfer, possession, or use of a means of identification should not apply when determining the appropriate Guideline Range for the underlying offense. See U.S.S.G. § 2B1.6, cmt. n.2. Here, the petitioner was convicted under § 1028A (Count Three), as well as the underlying offenses of conspiracy to commit identity theft (Count One) and identity theft (Count Two). The Plea Agreement specifically recognized the effect of Note Two, noting the inapplicability of an enhancement under what was then § 2B1.1(b)(10)(C)(i) when

12

determining the sentence for Counts One and Two.  (See Plea Agr. at 3 ("Because the defendant will plead guilty in Count Three to [1028A], there is no enhancement under U.S.S.G. § 2B1.1(b)(10)(C)(i).  See U.S.S.G. § 2B1.6, Appl. n.2.").)[3]  Hence, the enhancement to the underlying offense that Note 2 precluded was not used in calculating the petitioner's Guidelines Sentencing Range.

Because the petitioner's reading of Note Two is incorrect, the failure to challenge the Guideline calculation in the Plea Agreement was correct, and there is no meritorious ineffective assistance of counsel claim based on that calculation.

c.

The petitioner argues that trial counsel provided ineffective assistance of counsel by failing to object to the Indictment being "duplicious," in violation of the Double Jeopardy Clause.  (Pet'r's Mem. at 5.)  The argument is really a claim of multiplicity, but it is without merit.  Because this argument does not relate to the negotiation and entry of the guilty plea, it is effectively barred by the waiver provision

---

[3] Section 2B1.1(b)(10(C)(i) of the November 2009 Sentencing Guidelines provided for a two-level enhancement for the "unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification."  That enhancement was not included in the Plea Agreement.  (See Plea Agr. at 3.)

13

contained in the Plea Agreement.  See Parisi, 529 F.3d at 138. However, this argument is without merit in any event.

The Double Jeopardy Clause of the Fifth Amendment prohibits a sentencing court from imposing "multiple punishments for the same offense" in excess of the court's legislative authorization.  See United States v. Fiore, 821 F.2d 127, 130 (2d Cir. 1987) (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)).  "The question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution."  Id. (quoting Albernaz v. United States, 450 U.S. 333, 344 (1981)) (internal quotation marks and alteration omitted).

The petitioner argues that his constitutional rights under the Double Jeopardy Clause were violated because Count Two and Count Three impermissibly imposed punishment for the same underlying conduct.  Count Two of the Indictment charged the petitioner with identity theft in violation of 18 U.S.C. §§ 1028(a)(7), (b)(1)(D), (c)(3), and (2). (Indictment at 7-8). Count Three charged the petitioner with aggravated identity theft in violation of 18 U.S.C. §§ 1028A, (c)(5), and (2). (Indictment at 8-9).  It is abundantly clear from the plain

language of § 1028A that Congress intended for the statute's two-year additional punishment to be applied consecutive to "any other term of imprisonment imposed on the person under <u>any other provision of law</u> . . . ." See 18 U.S.C. § 1028A(b)(2) (emphasis added).

Because Congress clearly intended punishment under § 1028A to be imposed consecutive to punishment pursuant to other statutes, Counts Two and Three of the Indictment were not multiplicitous, and the petitioner's argument is without merit.

**D.**

The petitioner argues that trial counsel provided ineffective assistance by failing to seek a reduced sentence based on the conditions of the petitioner's pre-trial confinement. The appellate waiver provision contained in the Plea Agreement bars this argument because it does not relate to the negotiation and entry of the guilty plea. See <u>Parisi</u>, 529 F.3d at 138. In any event, this argument is without merit.

District courts have "no obligation" to reduce a sentence based on conditions of confinement. <u>United States v. Naranjo-Ramirez</u>, 402 F. App'x 576, 578 (2d Cir. 2010). While a court may choose to grant a downward departure under the Guidelines in determining a Guideline Sentencing Range based on the conditions of confinement such a departure is only appropriate "where the

15

conditions in question are extreme to an exceptional degree and their severity falls upon the defendant in some highly unique or disproportionate manner." United States v. Mateo, 299 F. Supp. 2d 201, 208 (S.D.N.Y. 2004); see also United States v. Carty, 264 F.3d 191, 193, 197 (2d Cir. 2001) (per curiam) (remanding for a consideration of a downward departure where the defendant was detained in a Dominican prison along with three to four other inmates in a four-foot by eight-foot cell with no light, running water, or access to newspapers or radio, and the defendant was only allowed ten to fifteen minutes per day outside of his cell).

    The petitioner has failed to establish that the conditions of his confinement were "extreme to an exceptional degree." Mateo, 299 F. Supp. 2d at 208.  The only evidence offered to support the severity of the petitioner's pre-trial confinement is that he was threatened by a fellow inmate.  This evidence was not sufficiently extreme to warrant the Court's consideration at sentencing, and trial counsel was not ineffective for failing to raise the issue.  The Court also appreciates that it could take conditions of confinement into account in making the ultimate determination of the appropriate sentence for the petitioner under 18 U.S.C. § 3553(a).  However, there is nothing in the petitioner's conditions of confinement that would have altered the petitioner's sentence in any way.  The petitioner also notes

that he was attacked in prison, but this attack occurred after the sentence was imposed, and trial counsel can hardly be faulted for failing to raise this issue at sentencing.

**E.**

The petitioner argues that trial counsel provided ineffective assistance by failing to raise at sentencing the fact that the affiant for the search warrant to the petitioner's residence was indicted on federal fraud charges unrelated to the investigation. The appellate waiver provision contained in the Plea Agreement bars this argument because it does not relate to the negotiation and entry of the Plea Agreement. See Parisi, 529 F.3d at 138. Moreover, this argument is without merit.

In considering an ineffective assistance of counsel claim under Strickland, "there is a strong presumption that defense counsel's conduct fell within the broad spectrum of reasonable professional assistance. . . ." Ramirez v. United States, No. 09 Civ. 4397, 2011 WL 1795145, at *7 (S.D.N.Y. May 6, 2011) (citation and internal quotation marks omitted). Moreover, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690.

Here, it was reasonable for trial counsel to fail to raise this issue at sentencing. The pre-trial motion to suppress this

17

evidence was never decided, and was denied as moot, although this Court also indicated that it would have denied the motion on the merits also.  (See Plea Tr. 34.)  In the context of sentencing, there is no reason why this impeachment evidence would have affected the petitioner's culpability or the sentence imposed.  Because it was not error for trial counsel to fail to raise this issue, the petitioner's claim is without merit.

**F.**

Finally, the petitioner argues that he is entitled to an evidentiary hearing on the issues set forth in his § 2255 motion.  Because the petitioner has failed to raise any issues requiring such a hearing, this request is **denied.**

A court may deny a § 2255 motion "without a testimonial hearing where (1) the allegations of the motion, accepted as true, would not entitle the petitioner to relief or (2) the documentary record, including any supplementary submissions such as affidavits, render a testimonial hearing unnecessary."  Rosa v. United States, 170 F. Supp. 2d 388, 398 (S.D.N.Y. 2001) (citing Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001)).  Moreover, where, as in this case, the petitioner's § 2255 motion is before the same court as the original criminal proceeding, the court "may rely on its own familiarity with the case and deny the motion without a hearing" if the motion lacks

18

"meritorious allegations that can be established by competent evidence." Stokes v. United States, No. 00 Civ. 1867, 2001 WL 29997, at *2 (S.D.N.Y. Jan. 9, 2001) (quoting United States v. Aiello, 900 F.2d 528, 534 (2d Cir. 1990)); see also Mittal v. United States, No. 02 Civ. 8449, 2005 WL 2036023, at *4 (S.D.N.Y. Aug. 24, 2005).

Because the petitioner's arguments are procedurally barred by the waiver provision in the Plea Agreement and are otherwise without merit, there are no issues that require an evidentiary hearing, and the petitioner's request is denied.

## CONCLUSION

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed above, the arguments are either moot or without merit.  The petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **denied.**  Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253.

**The Clerk is directed to enter Judgment and to close this case. The Clerk is also directed to close any pending motions.**

**SO ORDERED.**

**Dated:    New York, New York
           April 30, 2013**

```
              _____/s/_____
                    John G. Koeltl
              United States District Judge
```